UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                    Case No.  8:25-cr-343-KKM-AAS

MICHAEL DEVANTE CURRY

_____/

## ORDER

Michael Devante Curry moves for the return of currency seized during his arrest and for it to be returned to "Lekeisha Henderson." (Doc. 49). The United States does not oppose Mr. Curry's request that the Tampa Police Department (who has the property) return of property, and the United States does not seek to forfeit the property. (Doc. 51).

Rule 41(g) of the Federal Rules of Criminal Procedure governs Mr. Curry's motion. 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Fed. R. Crim. P. 41(g).

On June 1, 2025, Tampa Police Department (TPD) officers seized

1

$3,618.38 in currency from Mr. Curry after his arrest on state offenses. TPD deposited the currency into a bank account. Although the United States does not oppose Mr. Curry's request that TPD return these funds to him, this court (which has limited jurisdiction) lacks the power to order the return of these funds by TPD because the currency has not been forfeited to the United States, is not being held for potential use as evidence in a federal prosecution, and is not in the custody of the United States y. Federal courts lack jurisdiction to order the return of property seized and held by a state or local law enforcement under Rule 41(g) unless the property is being held for a potential use as evidence in a federal prosecution. *United States v. Martin*, No. 5:20-CR-44-RBD-PRL, 2021 WL 2435802, at *1 (M.D. Fla. June 15, 2021); *see also VanHorn v. Fla.*, 677 F. Supp. 2d 1288, 1291 (M.D. Fla. 2009) (finding that relief under 41(g) was unavailable to recover property in the possession of the Hillsborough County Sheriff's Office). The United States does not seek to forfeit the currency, and there are no forfeiture proceedings related to the currency. (Doc. 51, p. 2).

Accordingly, Mr. Curry's motion for the return of property (Doc. 49) is **GRANTED in part** to the extent the court concludes there is no federal claim to the property. Otherwise, the motion is denied.

**ORDERED** in Tampa, Florida, on April 8, 2026.

AMANDA ARNOLD SANSONE
United States Magistrate Judge